OPINIONS OF THE SUPREME COURT OF OHIO
The full texts of the opinions of the Supreme Court of
Ohio are being transmitted electronically beginning May 27,
1992, pursuant to a pilot project implemented by Chief Justice
Thomas J. Moyer.
Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Deborah J. Barrett, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.
Your comments on this pilot project are also welcome.
NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.

Lake County Bar Association v. Marshall.
[Cite as Lake Cty. Bar Assn. v. Marshall (1994),          Ohio
St.3d        .]
Attorneys at law -- Misconduct -- Six-month suspension with
    full restitution to clients ordered -- Engaging in conduct
    involving dishonesty, fraud, deceit or misrepresentation
    -- Neglecting an entrusted legal matter -- Failing to
    carry out contract of employment.
    (No. 94-891 -- Submitted June 15, 1994 -- Decided August
24, 1994.)
    On Certified Report by the Board of Commissioners on
Grievances and Discipline of the Supreme Court, No. 92-33.
    In an amended complaint filed February 3, 1993, relator,
Lake County Bar Association, charged respondent, David S.
Marshall of Mentor, Ohio, Attorney Registration No. 0031544,
with three counts of misconduct, alleging that he had violated,
inter alia, DR 1-102(A)(4) (conduct involving dishonesty,
fraud, deceit, or misrepresentation), 6-101(A)(3) (neglecting a
legal matter entrusted to him), and 7-101(A)(2) (failing to
carry out a contract of employment for professional services).
In his answers, respondent denied all allegations as to the
first and second counts of the amended complaint.  Regarding
the third count, respondent admitted that he had neglected a
legal matter entrusted to him, but denied any damages in excess
of restitution.
    On September 13, 1993, the parties entered into
stipulations in which respondent admitted each of the
allegations contained in relator's amended complaint.  A panel
of the Board of Commissioners on Grievances and Discipline of
the Supreme Court ("board") considered the matter on the
stipulated evidence.
    As to Count One, it was stipulated that on October 20,
1990, respondent was retained by Barbara Zekanis to represent
her in the preparation of a living trust, survivorship deed,
will, and power of attorney for a fee of $450, with one-half of
the amount payable in advance.  On November 20, 1990,
respondent left a rough draft of most of the documents with
Zekanis and was paid the balance of his $450 fee.

Respondent subsequently advised Zekanis to telephone him after January 1, 1991 to finalize the documents. Zekanis and several others acting on her behalf attempted to contact respondent from January 1 through June 4, 1991, but respondent failed to return any calls and did not produce the finalized documents during this period. On June 4, 1991, respondent informed Zekanis that the papers were complete even though the living trust had not been finalized. On July 8, 1991, respondent failed to contact Zekanis as he had promised. When Zekanis attempted to contact respondent by using the telephone number he had given to her, she discovered that the number was not currently listed. The panel concluded that respondent had violated DR 1-102(A)(4), 6-101(A)(3) and 7-101(A)(2).

As to Count Two, it was stipulated that despite several oral and written communications to respondent by an investigator appointed by relator, respondent repeatedly refused to answer or deny Zekanis' allegations and failed to cooperate in the investigation of her grievance. The panel concluded that respondent's conduct violated his oath of office and the Code of Professional Responsibility.

With regard to Count Three, it was stipulated that on December 17, 1991, respondent was retained by Robert Ohler, Jr., President of Twilight Limousine Service, to represent him in preparing documents and obtaining a Public Utilities Commission license to allow Twilight Limousine Service to provide transportation on a scheduled route. Respondent was paid a $500 fee for the services to be rendered. Respondent did not obtain the license for Ohler's company nor did he perform any of the requested services.

Despite thirty-four messages left by Ohler with respondent's answering service between January 21 and June 4, 1992, respondent failed to return any of Ohler's calls. On June 4, 1992, Ohler informed respondent's answering service that respondent was discharged and that his $500 retainer should be refunded immediately. Respondent failed to contact Ohler or refund any portion of the retainer. The panel concluded that respondent had violated DR 1-102(A)(4), 6-101(A)(3) and 7-101(A)(2).

In the parties' stipulations, respondent agreed to make full restitution to Zekanis and Ohler and to pay the costs of the disciplinary action. Relator recommended that respondent be suspended from the practice of law for six months.

The panel recommended that respondent be suspended from the practice of law for six months because respondent had failed to present any mitigating evidence. The panel further recommended that respondent make full restitution to his clients, Zekanis and Ohler, and pay the costs of these proceedings. The board adopted the findings of fact, conclusions of law, and recommendation of the panel.

Stephen G. Macek, Michael P. Hurley and Eugene A. Lucci, for relator.
Keller & Curtin Co., L.P.A., and G. Michael Curtin, for respondent.

Per Curiam. We adopt the findings and recommendation of the board. David S. Marshall is hereby suspended from the

practice of law for a period of six months, and ordered to make full restitution to his clients.  Costs taxed to respondent.

Judgment accordingly.

Moyer, C.J., A.W. Sweeney, Douglas, Wright, Resnick and F.E. Sweeney, JJ., concur.

Pfeifer, J., dissents and would publicly reprimand respondent.